## Zeigler *versus* The Commonwealth.

The sums payable for licenses by hucksters in the counties of Cumberland, Bedford, Franklin, Fulton and York, under the act of May 18th 1866, are not for the use of the commonwealth but of the respective counties.

May 18th 1868.  Before THOMPSON, C. J., STRONG, READ, AGNEW and SHARSWOOD, JJ.

Error to the Court of Common Pleas of *Dauphin county:* Of May Term 1868, No. 88.

This was an appeal by Levi Zeigler, treasurer of Cumberland county, from the settlement of his account by the auditor-general and state treasurer, February 12th 1867.  In the settlement he was charged with the amount of hucksters' licenses in Cumberland county, $130, less his commissions, $6.50, being $123.50.

The licenses were payable under the Act of May 18th 1866, Pamph. L. 1097, relating to "huckstering in the counties of Cumberland," &c.  The 1st section provides that—

" It shall not be lawful for any person or persons to huckster * * within the limits of the counties of Cumberland, &c., without first taking out an annual license from the treasurers of said counties respectively; which said licenses the said county treasurers are hereby authorized to grant, to all applicants, upon the payment of the following sums of money," &c.  Section 2d enacts that any person violating the provisions of the act shall be guilty of a misdemeanor, and on conviction shall pay a fine of $100, one half for the use of the county and the other half to the informer, and in default of payment shall be imprisoned, &c.

The question submitted by a stated case for the opinion of the court was whether the licenses collected by the defendant were payable to the Commonwealth.

Pearson, P. J., entered judgment for the Commonwealth for $137.29.

The defendant took a writ of error, assigning for error the entering of judgment against him.

*M. C. Herman,* for plaintiff in error, cited the act above referred to.  When the tax or the price of the license is for the use of the Commonwealth, it is set forth in the act to be "for the use of the Commonwealth," except licenses and taxes of which the treasurer is directed by the Act of April 15th 1834 (County Treasurers) § 38, Pamph. L. 543, Purd. 212, pl. 18.  He referred to various Acts of Assembly relating to licences in particular counties: also to Kerlin *v.* Bull, 1 Dall. R. 178.

*Brewster,* Attorney-General, for the Commonwealth, defendant

[Zeigler *v.* Commonwealth.]

in error, referred to the Cumberland county Act; Sedgwick on Stat. & Const. Law 250; Rex *v.* Roxdale, 1 Burr. 447.

The opinion of the court was delivered, May 27th 1868, by

READ, J.—Hucksters, by special Acts of Assembly, passed at various times for specified counties, are obliged to take out licenses, from the treasurer of the proper county, for which they pay the treasurer the sum fixed by law. This system appears to have originated about twelve years ago, and one of the earliest acts was one relative to huckstering in the counties of Berks and Lebanon, passed 9th April 1856, Pamph. L. 278, which imposed a penalty of $50 on any person huckstering without first obtaining a license from the proper authorities of the county, to be collected as debts of like amount are now collected, and the amount thereof to go to the public school fund of the district in which the offence is committed.

By a supplement to this act, passed 18th April 1856, Pamph. L. 413, those who obtained licences under the first act shall be classified, assessed and rated as wholesale dealers and retailers of merchandise are now classed, assessed and rated, under the several existing acts relative to mercantile taxes, and pay the same yearly tax and license fee as by said acts provided.

By an Act of the 8th April 1859, Pamph. L. 248, the provisions of the preceding acts shall not be held to apply to any persons not resident within the county of Lebanon, purchasing marketable produce for cash within said county and selling it elsewhere.

By the Acts of the 14th April 1860, relating to huckstering in the counties of Northumberland and Union, the license fee is $50, and is paid to the treasurer for the use of the county, and the penalty for huckstering without license is $100, one half for the use of the Commonwealth and the other half for the use of the prosecutor. This Act was repealed by the Act of 22d March 1861, Pamph. L. 182. By the Act of 8th April 1861, Pamph. L. 258, relative to huckstering in the counties of Berks and Franklin, the license fee is $10 for persons residing within said counties and $20 to those residing outside, and is for the use of the counties. The 3d section provides that licenses authorized under the Act of 9th April 1856 shall be classified, assessed and paid in the same manner and for the same use as is provided for in the 1st section of this act.

There was an Act of the 7th May 1855 relative to huckstering in the county of York, Pamph. L. 486, similar to the Act of 9th April 1856, except that half of the penalty was appropriated to the use of the county.

By an Act of 31st March 1864, Pamph. L. 166, the repealed

[Zeigler *v.* Commonwealth.]

Act of 14th April 1860 is extended to the counties of Greene and Montgomery.

On the 10th May 1866, an act relative to hucksters in the county of Lebanon was passed (Pamph. L. 1082), in which the license fee is for the use of the county, and of the penalties one half is for the county and the other half for the informer.

Then comes the Act of the 17th May 1866, Pamph. L. 1096, under which the question arises, does the license fee go to the county or to the Commonwealth? It is to be observed that two of the counties embraced in this act, Franklin and York, were included in former laws, in one of which the money paid for the license is for the use of the county.

The county treasurers grant licenses to persons residing in the county with one horse and wagon for $10, and for two or more $15, and for persons not residing in the county, in the same proportion for one hundred and one hundred and fifty dollars, and the treasurer receives $2 for each license, provided that merchants or storekeepers shall, in addition to the sum paid for licenses as merchants or storekeepers, pay 50 per centum of the amount fixed in this act for licenses to hucksters; and one-half the penalty for violating the act is for the use of the county.

By the Act of 10th April 1867, Pamph. L. 1093, the price of licenses in Greene county is reduced to $25.

By a supplement to the Act of 18th May 1866, passed 14th March 1867, Pamph. L. 459, the discrimination against non-residents is repealed, and the treasurers of the respective counties are directed to refund to them such excess. And by an act relative to huckstering in Dauphin county, passed 10th April 1867, Pamph. L. 1016, the license fee is for the use of the county, and one-half of the penalties is also for the use of the county.

In the beginning, hucksters did not appear in the Index to the Pamphlet Laws, but you looked under Hawkers and Pedlars; but after the licensing of hucksters became more general, it had its appropriate place in the Index.

All the laws seem to look to the appropriation of the fees for licenses to the use of the county, but no general form has been given to such acts, and hence arises the difficulty. We find acts passed within a few days of each other, giving the money to the county, and it is more consistent with sound policy to say, that under this act including a county in which under a former one the money went to the use of the county, and where a subsequent act directs the county treasurer to refund moneys received for licenses a year back—the fees received for licenses must go to the county and not to the Commonwealth.

The learned judge in the court below had none of these acts brought to his attention, or we believe he would not have decided

[Zeigler v. Commonwealth.]

the question involved as it there appeared in great doubt against the claims of the county.

It required a very careful examination of the statute book to arrive at the real meaning and intention of the legislature.

> Judgment reversed, and judgment entered for the defendant on the case stated.